# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EMILY BALDWIN,            )
                                       )
       Plaintiff,          )
                                         )
                                         )    C.A. No. N19C-03-037 MMJ
       v.                   )
                                           )
NEW CASTLE COUNTY,       )
                                         )
       Defendant.        )

Submitted: October 21, 2019
Decided: January 13, 2020

On Defendant's Motion to Dismiss
**GRANTED**

## OPINION

Emily Baldwin, *Plaintiff Pro Se*

Nicholas J. Brannick, Esq., (Argued), Jordan S. Perry, Esq., New Castle County Government Center, New Castle, Delaware, *Attorneys for Defendant*

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

Plaintiff owned real property located at 316 Wildel Avenue, New Castle, 19720, Parcel No. 10-010.10-039 (the "Property").[1] In 2017, a fire occurred in the House (the "House") on the Property, and Plaintiff vacated the House.[2] The fire damaged the rear porch addition and an exterior wall of the House.

---

[1] Amended Compl. ¶ 1; Ex. 1.
[2] *Id.* ¶ 27.

1

On June 7, 2017, Defendant New Castle County, through the New Castle County Department of Land Use (the "Department"), issued to Plaintiff Demolition Permit 201705869 to remove the damaged addition to the House and the deck on which it was built.[3]  On November 28, 2017, the Department issued a Certificate of Completion for Demolition Permit 201705869.[4]

On March 2, 2018, the Department issued to Plaintiff Building Permit 201802459, authorizing Plaintiff to rebuild an exterior wall damaged by fire.[5]  Four days later, on March 6, 2018, a second fire occurred in the House.[6]  The Department conducted an inspection of the Property on March 7, 2018,[7] and as a result, issued a violation notice the following day.[8]

Plaintiff failed to appear for the Rule to Show Cause Hearing ("RTSC") held on March 14, 2018.[9]  On the same day, the Department directed Plaintiff to obtain permits by April 13, 2018.[10]  The directive provided that Plaintiff would incur a $100 fine for every day after April 15, 2018 that Plaintiff did not obtain the

---

[3] Def.'s Br. Ex. 2 (Jul. 12, 2019); Amended Compl. Ex. H.
[4] Amended Compl. Ex. A.
[5] *Id.*
[6] Pl.'s Rep. Br. ¶ 3 (Jul. 30, 2019).
[7] Def.'s Br. Ex. 3 (Jul. 12, 2019).
[8] *Id.*; *see also* Amended Compl. ¶ 37.
[9] *Id.*
[10] *Id.*

2

necessary permits.[11] Plaintiff did not appeal the decision to the Board of License, Inspection and Review.

The Department emailed Plaintiff on April 11, 2018 with a reminder of the impending deadline. On April 16, 2018, the Department issued to Plaintiff Demolition Permit 201804419.[12] On May 9, 2018, Plaintiff's latest Building Permit was revised to address the repairs made necessary by the second fire.[13] The Department then issued an abatement fee to Plaintiff on May 10, 2018, and a Lien Recovery fee on May 22, 2018.[14]

On June 21, 2018, the Department conducted an inspection, and subsequently issued a Stop Work Notice pursuant to NCC Code § 6.12.002(C)(2).[15] The Department issued the Stop Work Notice on the grounds that the work being done exceeded the scope of Plaintiff's permits. The Department also claimed that Plaintiff misrepresented both the date her permits were issued and that she occupied the House at the time in question. The Plaintiff had vacated the House following the 2017 fire.[16]

---

[11] *Id.*
[12] Amended Compl. Ex. B.
[13] *Id.* Ex. A.
[14] Amended Compl. ¶ Ex. "Page 1."
[15] *Id.* Ex. C.
[16] Amended Compl. ¶¶ 27 & 32.

3

On June 29, 2019, Plaintiff appeared at a RSTC hearing.[17] The RTSC decision dated July 5, 2018, directed Plaintiff to correct the violations described in the June 21, 2018 Stop Work Notice. Plaintiff was directed to make these corrections no later than July 16, 2018. Plaintiff again did not file an appeal. The Department issued additional related fees to Plaintiff.[18] Also on June 29, 2018, the Department issued another violation notice to Plaintiff.[19]

On July 9, 2018, a RTSC penalty was issued for Plaintiff's failure to comply with the March 14, 2018 directive.[20] A third RTSC hearing was held regarding the June 29, 2018 violation, on July 18, 2018.[21] Plaintiff again failed to appear. The Department issued a directive that Plaintiff correct all violations by August 20, 2018. This directive included a warning that Plaintiff's failure to comply could result in demolition of the House. Plaintiff did not appeal this decision.

Plaintiff requested, and the Department agreed to, a meeting with Plaintiff.[22] The two-hour meeting held on July 26, 2019, resulted in the Department's revision of its RTSC decision issued following the July 18, 2018 hearing. On July 31, the Department revised its decision to allow Plaintiff until August 31, 2018 to provide

---

[17] Def.'s Br. Ex. 4 (Jul. 12, 2019).
[18] Amended Compl. Ex. "Page 1."
[19] Def.'s Br. Ex. 4 (Jul. 12, 2019).
[20] *Id.* Ex. 5.
[21] *Id.* Ex. 6.
[22] *Id.* Ex. 7.

4

construction drawings to the Department and until October 31, 2018 to complete the construction.[23] Plaintiff did not appeal the Department's amended decision.

On January 29, 2019, the Department assessed and issued a RTSC penalty for Plaintiff's failure to comply with the revised July 31, 2018 directive. The Department held the RTSC hearing on February 11, 2019, at which Plaintiff appeared. The Department directed Plaintiff to correct all violations by March 15, 2019. The Department notified Plaintiff that her failure to make corrections could result in demolition. Plaintiff did not appeal the Department's decision.

Plaintiff filed her original Complaint on March 6, 2019, seeking removal of all fines and liens against the Property, and damages for breach of contract. On March 12, 2019, Plaintiff transferred the Property to her daughter, Cheri Black.[24] On April 22, 2019, a third fire destroyed the House. Plaintiff filed her Amended Complaint on June 28, 2019. New Castle County filed this Motion to Dismiss on July 12, 2019. Plaintiff answered on July 30, 2019. After hearing oral argument on August 22, 2019, the parties agreed to attempt to resolve the matter before the Court made a ruling on New Castle County's Motion to Dismiss. On October 21, New Castle County reported to the Court that the parties were unable to settle.

---

[23] *Id.*
[24] Amended Comp. ¶ 1; Def.'s Br. Ex. 1 (Jul. 12, 2019).

5

## STANDARD OF REVIEW

In a Rule 12(b)(6) Motion to Dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[25] The Court must accept as true all well-pleaded allegations.[26] Every reasonable factual inference will be drawn in the non-moving party's favor.[27] If the claimant may recover under that standard of review, the Court must deny the Motion to Dismiss.[28]

## ANALYSIS

New Castle County raises two grounds for dismissing Plaintiff's claim: (1) Plaintiff lacks standing; and (2) Plaintiff has failed to state a claim for which relief can be granted.

### *Standing*

New Castle County argues that Plaintiff lacks standing because: (1) Plaintiff conveyed the property; and (2) Plaintiff failed to exhaust her administrative remedies.

---

[25] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[26] *Id.*
[27] *Wilmington Sav. Fund Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).
[28] *Spence*, 396 A.2d at 968.

6

*Conveyance*

First, New Castle County contends that Plaintiff's conveyance of the Property to her daughter divested Plaintiff of any interest in the Property. Thus, New Castle County asserts Plaintiff no longer has standing to sue. Plaintiff argues that she has standing because the fees were imposed prior to conveyance.

New Castle County issued the notices of its fees and liens to Plaintiff, but asserts that the administrative penalties and RTSC fees are liens against the Property. Thus, New Castle County argues that Plaintiff lacks standing to challenge these liens because she conveyed the Property to another person.

Administrative penalties and RTSC fees constitute liens against the Property.[29] Because the liens are attached to the property, not the person,[30] the previous owner forfeits her standing to challenge the liens upon conveyance of the property.

The Court finds that upon Plaintiff's conveyance of the Property on March 12, 2019, Plaintiff's entire interest in the Property transferred to another person. This means that all liens, including the administrative penalties and RTSC fines—which are only against property—also were transferred. The liens are not personal

---

[29] 9 *Del.* C. § 2907(b); 25 *Del.* C. §§ 2901(a)(1)(f), (g), (i) &(a)(3); N.C.C. Code § 6.12.02(C)(8) & App. 2.
[30] *City of Wilm. V. Javene Co., Inc.*, 2014 WL 2895228, at *5 (Del. Super.), *aff'd*, 128 A.3d 992 (Del. 2015).

7

liabilities of Plaintiff. Therefore, Plaintiff does not have standing to pursue recovery of the fines and fees New Castle County issued against the Property. Therefore, Defendant's motion to dismiss Plaintiff's challenges to the fines and liens attached to the property is hereby **GRANTED**.

*Exhaustion of Administrative Remedies*

Defendants also argue that Plaintiff has not exhausted her administrative remedies. Defendants assert that Plaintiff failed to file appeals from Board decisions, and therefore has no standing to pursue a claim in this Court.[31]

During the August 22, 2019 hearing, Plaintiff informed the Court that she had attempted to file an appeal as required by the New Castle County Code, but could not afford the $200 fee associated with the appeal form.[32] Plaintiff stated that she tried to appeal the decision *in forma pauperis*, but was denied the opportunity. Plaintiff told the Court that the Prothonotary informed Plaintiff that in order to file the appeal, she must pay the $200 with the form.[33] Without paying $200, Plaintiff would not be allowed to appeal.[34]

This information, purportedly provided by the Prothonotary, is incorrect. There is no fee for filing *in forma pauperis*. It is unclear whether Plaintiff had the

---

[31] *See Miller v. New Castle Cty.*, 2016 WL 229542, at *2 (Del. Super.), *rearg. den.*, 2016 WL 270531, at *2 (Del. Super.).
[32] Transcript of Hearing (Aug. 22, 2019).
[33] *Id.* at 6–9.
[34] *Id.*

8

opportunity to demonstrate *in forma pauperis* qualification.[35] Therefore, at this motion to dismiss stage, a question remains as to whether Plaintiff exhausted her administrative remedies. Because Plaintiff may have been denied the right to proceed *in forma pauperis*, the Court cannot dismiss as a matter of law on the basis of failure to exhaust administrative remedies.

### Failure to State a Claim

Plaintiff claims that New Castle County's issuance of the Building Permit created a contract between Plaintiff and New Castle County.[36] Plaintiff asserts that New Castle County breached that contract when it issued a subsequent Stop Work Order.[37]

New Castle County asserts that the issuance of a building permit does not create a contract. In support of its argument, New Castle County cites *Willis v. City of Rehoboth Beach*.[38] In *Willis*, the defendant-city issued a building permit to the plaintiffs, but subsequently issued a stop work order upon discovering that the building permit was issued illegally, in violation of the zoning code. The plaintiffs raised a breach of contract claim on the grounds that the building permit constituted a contract, and defendant's actions amounted to a breach. This Court

---

[35] *Id.* at 7.
[36] *See* Amended Compl. ¶¶ 3–7 & 25–26.
[37] *Id.*
[38] 2005 WL 1953028, at *5–6 (Del. Super.).

9

dismissed plaintiff's contract claim, noting that "a permit issued and revoked is the exercise of the City's police power creates no contractual rights in the parties."[39]

Viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has not established a *prima facie* case for breach of contract sufficient to survive Defendant's Motion to Dismiss. The Building Permit does not constitute a contract. Consequently, the Stop Work Order cannot constitute breach of contract. Thus, Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Therefore, Plaintiff's breach of contract claim is dismissed, and New Castle County's Motion to Dismiss is hereby **GRANTED**.

## CONCLUSION

The Court finds that upon Plaintiff's conveyance of the Property on March 12, 2019, Plaintiff's entire interest in the Property was transferred to her daughter. All liens, including the administrative penalties and RTSC fines—which are only against property—also were transferred. The liens are not personal liabilities of Plaintiff. Therefore, Plaintiff does not have standing to pursue recovery of the fines and fees New Castle County issued against the Property. **THEREFORE,** Defendant's motion to dismiss Plaintiff's challenges to the fines and liens attached to the property is hereby **GRANTED**.

---

[39] *Id.*; *see also Fliptop, Ltd. v. New Castle Cty.*, 1983 WL 473056, at *1 (Del. Super.) ("[I]ssuance of a building permit would not create a contract between the parties.").

10

It is unclear whether Plaintiff had the opportunity to demonstrate *in forma pauperis* qualification.[40] Therefore, at this motion to dismiss stage, a question remains as to whether Plaintiff exhausted her administrative remedies. Because Plaintiff may have been denied the right to proceed *in forma pauperis*, the Court cannot dismiss as a matter of law on the basis of failure to exhaust administrative remedies.

Nevertheless, viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has not established a *prima facie* case for breach of contract. The Building Permit does not constitute a contract. Consequently, the Stop Work Order cannot constitute breach of contract. Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). **THEREFORE,** Plaintiff's breach of contract claim is dismissed, and New Castle County's Motion to Dismiss is hereby **GRANTED.**

**The Amended Complaint is hereby DISMISSED IN ITS ENTIRETY WITH PREJUDICE.**

**IT IS SO ORDERED.**

The Hon. Mary M. Johnston

---

[40] *Id.* at 7.

11